**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Marija Kristich Decker, State Bar # 207387
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
Decker@luch.com

Counsel for Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA PIPE TRADES HEALTH AND WELFARE TRUST FUND, et al, <br><br> Plaintiffs, <br><br> v. <br><br> STANTON UTILITIES, INC., a California corporation; et al., <br><br> Defendants. | CASE NO.: 8:18-cv-01914 JVS (DFMx) <br><br> ASSIGNED TO THE HONORABLE JAMES V. SELNA <br><br> **REPLY TO STANTON UTILITIES, INC.'S PARTIAL OPPOSITION TO MOTION TO ENFORCE SETTLEMENT** <br><br> <u>Hearing</u>: <br><br> Date:    May 18, 2020 <br> Time:   1:30 p.m. <br> Ctrm.:   10C |

1445794

REPLY

### I. THE COURT SHOULD ENFORCE THE SETTLEMENT, ENTER JUDGMENT, AND IMPOSE SANCTIONS.

Legal counsel for Stanton Utilities, Inc. ("Stanton") admits that all parties reached a settlement with the Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al. ("Trustees") for $85,000.00, plus 8% interest, and that judgment should be entered. Stanton also does not dispute that sanctions should be imposed. The crux of Stanton's argument is that the amount sought by the Trustees for sanctions is excessive and should be based upon a formula under Local Rule 55-3. However, Local Rule 55-3 is inapplicable to the present situation because the rule applies in the context of calculating attorneys' fees in motions for default judgment. In this case, the Trustees are seeking to enforce a settlement, and to make the Trustees whole for the attorneys' fees incurred due to Stanton's and Leonard's bad faith conduct related to the settlement and concluding the litigation. The sanctions are not excessive because the amount compensates the Trustees for fees incurred.

It is irrelevant that legal counsel for Stanton regrets that a motion to enforce the settlement became necessary. The fact remains that as a result of having to enforce the settlement, the Trustees have incurred an additional $16,000.00 for attorneys' fees since December 2019. Decl. Decker, ¶ 23. The magnitude of e-mail correspondence between counsel (Decl. Decker: Exs. A to K) demonstrates the efforts taken by the Trustees to follow through with the previously agreed upon settlement. Stanton's and Leonard's behavior and refusal to complete the agreed upon terms is inexcusable. Legal counsel for Stanton offers no explanation as to why Stanton failed to execute settlement documents and to comply with the terms it agreed to. This is a case where the Court should exercise its discretion and award attorneys' fees to reimburse the Trustees for fees incurred associated with enforcing the settlement.

### II. CONCLUSION.

The Trustees respectfully request that the Court grant the Plaintiffs' Motion to Enforce the Settlement and enter judgment in favor of the Trustees and against

Stanton and Leonard in the amount of $85,000.00, plus 8% interest as set forth in the proposed judgment.  The Trustees also request that the Court sanction both Stanton and Leonard for their bad faith conduct in refusing to execute and return all settlement documents, and award the Trustees fees incurred of $16,000.00 as sanctions.

Dated:  May 4, 2020            LAQUER URBAN CLIFFORD & HODGE LLP

By:  /s/ *Marija Kristich Decker*
    Marija Kristich Decker
    Counsel for Plaintiffs Trustees of the Southern
    California Pipe Trades Health and Welfare
    Trust Fund, et al.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is:  225 South Lake Avenue, Suite 200, Pasadena, California 91101-3030.

On May 4, 2020, I served the foregoing document(s) described below:

**REPLY TO STANTON UTILITIES, INC.'S PARTIAL OPPOSITION TO MOTION TO ENFORCE SETTLEMENT**

on the interested parties in this action by placing a true copy thereof in a sealed envelope(s) addressed to:

Patrick Leonard                              *Defendant*
10581 Chestnut Ave.
Stanton, CA  90680

XXX  (BY MAIL) I caused said envelope(s) with first class postage prepaid to be placed in the United States mail at Pasadena, California.

_____ (BY PERSONAL SERVICE) I caused said envelope(s) to be delivered by hand to the office or the residence of the addressee as shown above.

_____ (BY FACSIMILE TRANSMISSION) I caused a true and complete copy of the document described above to be transmitted by facsimile transmission to the telephone number(s) set forth opposite the name(s) of the person(s) set forth above.

_____ (BY OVERNIGHT DELIVERY) I caused said envelope(s) with prepaid delivery charges to be placed in the UPS Box at Pasadena, California.

Executed on May 4, 2020, at Pasadena, California.

_____ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XXX (FEDERAL) I declare that I am employed by a member of the Bar of this Court, and that this service was made under the supervision of said attorney.

                     */s/ - Cheryl Roberts*
                         Cheryl Roberts