UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-01914 JVS (DFMx) | Date | 5/18/2020 |
|---|---|---|---|
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. Stanton Utilities, Inc. et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Minute Order Regarding Motion to Enforce Settlement

Plaintiffs, Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund, et al. (collectively "Trustees"), move to enforce their settlement agreement with Defendants Stanton Utilities Inc. ("Stanton") and Patrick Leonard ("Leonard") (collectively, "Defendants"). Mot., ECF No. 34. Stanton partially opposes the motion. Opp'n, ECF No. 36. Trustees replied. ECF No. 37.

Leonard failed to file an opposition. The Court deems Leonard's failure to oppose the motion as consent to the granting of the motion. See Local Rule 7-9 (requiring the filing of an opposition brief or a statement of non-opposition no later than 21 days before hearing date); Local Rule 7-12 (failure to file an opposition may be deemed consent to the granting of a motion). Further, as set forth below, the Court also **GRANTS** the Motion on its merits.

For the following reasons, the Court **GRANTS** the motion. The Court finds that oral argument would not be helpful in this matter and **vacates** the May 18, 2020 hearing. Fed. R. Civ. P. 78; L.R. 7-15.

**I. BACKGROUND**

This action concerns an ERISA trust fund collection action. Stanton executed several Letters of Assent agreeing to be bound by the terms and conditions of the San Diego Unified School District Project Stabilization Agreement - School Construction Major Rehabilitation Funded by Proposition S effective July 28, 2009, consisting of the Resolution dated July 28, 2009, the Agreement between the San Diego Unified School

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01914 JVS (DFMx) | Date | 5/18/2020 |
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. Stanton Utilities, Inc. et al | | |

District and the San Diego Building and Construction Trades, the Agreement between the San Diego Unified School District and the Southwest Regional Counsel of Carpenters, and Addendum No. 1 (collectively the "PSA"), for work performed by Stanton on San Diego Unified School District ("SDUSD") construction projects. First Amended Complaint ("FAC"), ¶¶ 10-19, ECF No. 9. Leonard is "an officer, director, controlling shareholder and beneficial owner of Stanton" and exercised discretionary authority or control over whether employee contributions were paid to the trusts represented by the Trustees. Id. ¶ 47. Leonard was therefore a fiduciary with respect to the employee contributions. Id. ¶ 48. The Trustees allege that Stanton failed to pay contributions to the trusts for all covered work performed on the SDUSD projects, as it was required to do. Id. ¶¶ 28-31, 33, 42. The Trustees also allege that Leonard breached his fiduciary duties by engaging in prohibited transactions by diverting the employee contributions for his sole and exclusive benefit or Stanton's sole and exclusive benefit in violation of ERISA. Id. ¶¶ 50, 57.

## II. LEGAL STANDARD

The Court has the inherent authority to enforce the terms of a fully executed settlement agreement. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987); TNT Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986). Enforcement depends of the existence of a "completed agreement" to which both parties have agreed. Maynard v. City of San Jose, 37 F.3d 1396, 1401 (9th Cir. 1994); Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977).

Principles of contract law apply in determining whether a settlement agreement is enforceable. Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989). Under California law, contract formation requires (1) parties capable of contracting; (2) the parties' consent; (3) a lawful object; and, (4) sufficient cause or consideration. Lopez v. Charles Schwab & Co., 118 Cal. App. 4th 1224, 1230 (2004). "Mutual assent usually is manifested by an offer communicated to the offeree and an acceptance communicated to the offeror." Id. (citing Cal. Civ. Code §§ 1550, 1565).

## III. DISCUSSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-01914 JVS (DFMx)     Date   5/18/2020

Title    Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. Stanton Utilities, Inc. et al

      This action was dismissed on December 23, 2019, after the Trustees and Stanton entered a joint notice of settlement. ECF Nos., 28, 29. The Trustees claim that despite having reached a settlement with Defendants, Stanton is refusing to return an executed Settlement Agreement, and both Defendants are refusing to return an executed Stipulation for Entry of Judgment. Mot., 7; Decker Decl., ¶¶ 18-19; Ex. J and K.

      On December 17, 2019, Trustees' counsel sent an email to Stanton's counsel providing a final counter offer to resolve the lawsuit. Decker Decl., ¶ 6; Ex. A. On December 18, 2019, Stanton's counsel sent an email to Trustees' counsel stating that "Stanton agreed to the 85,000 to be paid within 45 days of execution. They'll sign a stipulation for entry of judgment as well, for the 85,000." Id. On January 2, 2020, Trustees' counsel sent Stanton's counsel a Settlement Agreement including a Stipulation for Entry of Judgment and proposed Judgment. Id. at ¶ 9; Ex. B. Leonard was not represented by Stanton's counsel, but was provided with an opportunity to join the parties' settlement. Id. at ¶ 10. Leonard signed the Settlement Agreement. Id. at ¶¶ 18, 20; Ex. J, L.

      In its Opposition Stanton states that it did orally agree to settle with the Trustees for $85,000, and even though the agreement was conveyed to it, Stanton "has simply not signed the settlement agreement." Opp'n, ¶ 2. Stanton does not oppose entry of judgment against it for $85,000. Id. at ¶ 5.

      "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." Callie, 829 F.2d at 890. "A settlement agreement is treated as a contract and a party may file a motion to enforce a settlement agreement to obtain an order for damages or specific performance." Tiger Bay Vill. Corp. v. Yihe Corp., 2014 WL 3662259, at *2 (C.D. Cal. July 18, 2014). Accordingly, the Court finds that entry of judgment for $85,000 plus 8% pre-judgment interest is appropriate as these were the terms of the Settlement Agreement and Judgment agreed to by the parties.

      The Trustees also request that the Court sanction Stanton and Leonard in the amount of the attorneys' fees incurred by the Trustee since December 2019, $16,000. "A court may assess attorney's fees as a sanction for the willful disobedience of a court order." Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). A court also has the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01914 JVS (DFMx) | Date | 5/18/2020 |
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. Stanton Utilities, Inc. et al | | |

inherent power to assess attorney's fees where a party has acted in bad faith.  Id. at 45-46.  Stanton asks the Court to reduce the Trustee's sanctions request because it is excessive and asks that the Court instead award attorneys fees of $5,000 in accord with Local Rule 55-3.  The Trustees argue that Local Rule 55-3 is inapplicable because it applies to motions for default judgment and not to a situation such as here where the Trustees are seeking to enforce a Settlement Agreement.  Reply, 1.  The Court agrees that Local Rule 55-3 is inapplicable here.

Trustees have provided the declaration of Ms. Decker signed under the penalty of perjury stating that they have incurred $16,000 in attorneys' fees as a result of Defendants' failure to timely return the settlement documents.  Decker Decl., ¶ 23.  Although the Trustees have not provided any underlying invoices supporting their request for fees, they have provided a series of emails spanning from December 2019 to March 2020 showing the Trustees' attempts to recover the signed Settlement Agreement and Judgment from Defendants.  Decker Decl., Ex. A to K.  Additionally, Stanton has only offered its regret that the Trustees' motion became necessary and its only excuse for not having signed the documents is that it "simply has not signed the settlement agreement."  See generally, Opp'n.  Stanton's brazen disregard for its obligations coupled with Leonard's failure to respond to this motion support granting the requested sanctions.  However, the Trustees have not provided the Court with sufficient information to determine the reasonableness of the amount requested.  Within seven days, the Trustees shall submit information sufficient for the Court to make a lodestar determination.

Accordingly, the Court GRANTS the motion, except as to the quantum of sanctions.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion.  The Court finds that oral argument would not be helpful in this matter and **vacates** the May 18, 2020 hearing.  Fed. R. Civ. P. 78; L.R. 7-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-01914 JVS (DFMx) | Date | 5/18/2020 |
| Title | Trustees of the Southern California Pipe Trades Health and Welfare Trust Fund et al v. Stanton Utilities, Inc. et al | | |

                                                  : 0

Initials of Preparer     lmb